# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:10 CR 30

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| TIOMBE STAFFORD. | ) | |
| | ) | |

**THIS CAUSE** came on to be heard before the undersigned, pursuant to a motion filed by Jack W. Stewart, counsel for defendant entitled "Motion to Withdraw" (#23). In the motion, Mr. Stewart asks for permission to withdraw as attorney of record for defendant. Mr. Stewart further advised he was informed by written pleadings filed by defendant herself that he had been discharged by defendant and as a result he was asking for permission to withdraw. Attached to a pleading entitled "Motion for Cancellation of Contracts and All Liabilities" (#22) filed by defendant there appears a letter written by defendant to Mr. Stewart informing Mr. Stewart his services were being terminated by defendant. (#22, p. 3) At the hearing of the motion, the undersigned conducted an inquiry of defendant as set forth in <u>Faretta vs. California</u>, 422 U.S. 806 (1975) and consistent with the <u>Benchbook for U.S. District Court Judges</u>, Fifth Edition regarding assignment of counsel or *pro se* representation. In response to the questions of the undersigned to defendant, defendant would only respond with the words: "no contract". The defendant refused to explain the words

"no contract" to the court. The defendant did not appear to this court to be under any type of mental illness or mental disability. It appeared from the pleadings (#20, 22, and 26) filed by defendant that defendant subscribes to a belief she is not a citizen of the United States, is not subject to any entity or governmental authority and the words "no contract" appear to be consistent with defendant's belief that manmade laws do not have any authority over her except those to which she voluntarily wishes to comply. From the evidence presented at the hearing, Mr. Stewart has shown good cause for the granting of his motion. Defendant indicated clearly to the court she does not desire to have the services of Mr. Stewart, who had been privately retained. As a result his Motion to Withdraw (#23) will be allowed.

In regard to the issue of defendant's right to self representation, defendant would not clearly and definitively answer the issue of whether or not she wishes to represent herself. As stated above, in answer to the majority of the questions put to her by this court, defendant responded "no contract" except as to questions in which the undersigned asked defendant whether or not she still subscribed to her statements as set forth in her own pleadings (#20, 22, and 26) and defendant responded that she did. The undersigned advised defendant he was considering her answer "no contract" as an indication that defendant did wish to represent herself and defendant expressed no objection.

In considering the matter further, however, the undersigned noted that when defendant was arrested and brought before the court on May 28, 2010, defendant did complete a financial affidavit requesting the appointment of counsel. Counsel was appointed for defendant by the undersigned. Thereafter, through other financial means, Mr. Stewart was retained to represent defendant. Out of an abundance of caution the undersigned has again considered the financial affidavit of the defendant and will direct that standby counsel be appointed to represent defendant in this matter. The trial is upcoming and is scheduled for November 1, 2010. It is the desire of this court to make sure the rights of defendant are protected, including the right of defendant to represent herself, but also the right of defendant to be represented by counsel should she so desire. The undersigned will direct that the Office of the Federal Defender immediately appoint standby counsel to represent defendant. Standby counsel will further be directed to contact defendant at the detention facility where defendant is being housed and advise defendant of counsel's appointment and make the counsel's services available to defendant should she desire to avail herself of those services.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the motion entitled "Motion to Withdraw"(#23) filed by Jack W. Stewart, attorney for defendant, is hereby

**ALLOWED** and the Office of the Federal Defender is hereby directed to appoint standby counsel to represent defendant. Standby counsel is directed to contact defendant at the detention facility where defendant is being housed and advise defendant of counsel's appointment and to make the services of standby counsel known and available to defendant should she desire to avail herself of those services. The defendant is free, however, to represent herself in regard to this matter should she so desire. Trial in this matter is scheduled to begin on the November 1, 2010 session of District Court for the Western District of North Carolina.

Signed: October 12, 2010

_____
Dennis L. Howell
United States Magistrate Judge