| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **Vs.** | ) | **ORDER** |
| | ) | |
| **TIOMBE STAFFORD.** | ) | |
| | ) | |

      **THIS CAUSE** came on to be heard before the undersigned upon the court's own motion, pursuant to 18 USC § 3142(f). At the call of this matter on for hearing it appeared the defendant was present and the government was present through Assistant United States Attorney Tom Kent. From the evidence offered and the statements of the Assistant United States Attorney and the attorney for the defendant and the records in this cause, the court makes the following findings.

      **Findings.** The defendant was charged in a criminal complaint filed on May 28, 2010 with possession with intent to distribute cocaine, a schedule II controlled substance in violation of 21 USC § 841(a)(1). The initial appearance was held for defendant on that day before the undersigned and counsel was appointed to represent defendant. On June 1, 2010 a bill of indictment was issued by the grand jury charging defendant with possession with intent to distribute a quantity of cocaine, a schedule II controlled substance. It was alleged in the bill of indictment the offense involved at least 5 kilograms of a mixture or substance containing a detectable amount of

cocaine in violation of 21 USC § 841(a)(1). After several hearings regarding the release of defendant, defendant was released by the undersigned on June 10, 2010 on terms and conditions of pretrial release. Those conditions included requiring defendant to execute an unsecured bond binding her to pay the United States the sum of $100,000 in the event if a failure to appear is required. Further conditions required that defendant be subject to home detention with electronic monitoring and be in the custody of her mother. At that time, defendant acknowledged she was aware of the conditions of release, and promised to obey all of the conditions. Defendant acknowledged she was aware of the penalties and sanctions if she violated any of the terms and conditions of pretrial release. On September 7, 2010, the defendant acting *pro se*, filed a document entitled "Identity Theft Victim's Complaint and Affidavit" (#20). Attached to that document were documents entitled "Affidavit of Rebuttal", "Affidavit of Testimony", and "Notice Concerning Fiduciary Relationship". On September 27, 2010, defendant acting *pro se*, filed a document entitled "Motion for Cancellation of Contracts and all Liabilities" (#22). Also enclosed within that document was a copy of a letter showing that defendant had terminated the services of her retained attorney, a letter from her attorney, a document entitled "Affidavit of Truth" and a document entitled "Affidavit of Truth of Statements in Bankruptcy Petition". In the document entitled "Affidavit of Truth", defendant, among other

things, states as follows:

>Be it known to all courts, governments, and other parties, that I, Tiombe-Nicole: Stafford am a natural, freeborn Sovereign, without subjects. I am neither subject to any entity anywhere, nor is any entity subject to me. I neither dominate anyone, nor am I dominated.

>I voluntarily choose to comply with the man-made laws which serve to bring harmony to society, but no such laws, nor their enforcers, have any authority over me. I am not in any jurisdiction, for I am not of subject status.

>**Take Notice** that I revoke, cancel, and make void <u>ab initio</u> my signature on any and all contracts, agreements, forms, or any instrument which may be construed in any way to give any agency or department of any federal or state government authority, venue, or jurisdiction over me.

>I am not a "United States" citizen subject to its jurisdiction.

>I am not "subject to the jurisdiction of" any corporate federal government, corporate state government, corporate county government, corporate city government, or corporate municipal body politic created under the authority of the U.S. Constitution. I am not subject to any legislation, department, or agency created by such authorities, nor to the jurisdiction of any employees, officers, or agents deriving their authority therefrom.

>**Take Notice** that I hereby revoke, cancel, and make void <u>ab initio</u> any such instrument or any presumed election made by any of the several states or the United States government or any agency or department thereof, that I am or ever have voluntary elected to be treated as a United States citizen subject its jurisdiction or a resident of any territory, possession, instrumentality or enclave under the sovereignty or exclusive jurisdiction of any of the several states or of the United States as defined in the U.S. Constitution in Article I. Section 8. Clause 17 and Article IV. Section 3. Clause 2.

After reviewing these documents, the court scheduled a status hearing

concerning the terms and conditions of pretrial release of defendant due to a fear that the continued release of defendant would create a risk of flight on her part.  At the hearing which took place on October 6, 2010, the undersigned attempted to question defendant regarding the statements made by defendant in the filings referenced above. To many of the questions of the undersigned, defendant would only respond: "no contract".  The court requested that defendant explain what she meant by those words but defendant refused to do so.  The court then questioned defendant about whether or not the defendant actually believed and still subcribed to the statements she had made in documents (#20, 22), and particularly the statements made by defendant which are quoted above.  Defendant advised the undersigned she did subscribe to and affirmed she did believe in those statements.  The undersigned then explained to defendant that such statements created  by a preponderance of the evidence facts that the continued release of defendant would create a risk of flight on her part in that defendant was stating she refused to recognize the jurisdiction of the court to supervise her on terms and conditions of pretrial release.

**Discussion.**    18 USC § 3142(f) provides that after a defendant is released on terms and conditions of pretrial release that:

The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

After a reading of the documents filed by defendant *pro se* (#20, 22) and conducting an inquiry as set forth above, the undersigned finds by a preponderance of the evidence that the continued release of defendant would create a risk of flight on the part of the defendant. Defendant has now advised the court that defendant takes the position she is not a citizen of the United States and she is not subject to any jurisdiction. Defendant has further stated she is revoking her signature on all documents or instruments which may be construed to give any agency or department of the federal government jurisdiction over her. For defendant to be released on terms and conditions of pretrial release requires defendant to agree to comply with the terms and conditions of pretrial release and to submit to the supervision of the United States Probation Office. Defendant has clearly and unequivocally stated in her filings she no longer agrees do so and denies there is any jurisdiction whatsoever over her by this court. As a result, the undersigned finds by a preponderance of the evidence that the continued release of defendant would create risk of flight on her part and has determined to issue an order revoking the terms and conditions of pretrial release in this matter and entering an order detaining defendant.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the terms and conditions of pretrial release in this matter are hereby **REVOKED** and defendant is ordered to be detained pending further proceedings in this matter. **Defendant would have fourteen (14) days to give notice of appeal to this Order**. Notice of appeal is required to be in writing and filed with the Clerk's Office with copy sent to the United States Attorney for the Western District of North Carolina.

Signed: October 12, 2010

Dennis L. Howell
United States Magistrate Judge