# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL CASE NO. 1:10cr30

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| | ) | |
| TIOMBE N. STAFFORD. | ) | |
| | ) | |

**THIS MATTER** is before the Court on the filing captioned "Affidavit of Facts Exhibit L" [Doc. 33].

During a hearing conducted on November 1, 2010, the Court engaged the Defendant in a lengthy colloquy concerning her desire to represent herself. The Defendant answered numerous questions and clearly advised the Court that she wishes to represent herself in this criminal proceeding. She was advised that if she made frivolous filings, they would not be considered.

At the conclusion of the hearing, a man entered the courtroom and attempted to address the Court. That individual, who identified himself as Daniel El, stated that he represented the Defendant. He attempted at one point to hand a document to the Defendant but she did not take it. The Court

explained to Mr. El that only an attorney who is either duly admitted to the bar of this Court or admitted *pro hac vice* may represent the Defendant. Mr. El is neither. At no time did the Defendant acknowledge Mr. El's presence or advise the Court of his status.

After the conclusion of the hearing, the pending document was filed in the Defendant's case. There is nothing to suggest that the Defendant, who is in custody, instructed anyone to make the filing on her behalf. The document contains forty-two pages of frivolous arguments concerning the jurisdiction of this Court over the Defendant. In numerous locations within the document, Mr. El, using the name "Daniel-Andrew-El: Asberry" has signed as a representative of the Defendant, including having several documents purporting on their face to be "affidavits." Nowhere does the document filed by Mr. El [Doc. 33] bear the signature of the Defendant.

A defendant in a criminal case does not have a sixth amendment right to the assistance of a non-lawyer. United States v. Kelley, 539 F.2d 1199, 1202-03 (9th Cir. 1976), *certiorari denied* 429 U.S. 963, 97 S.Ct. 393, 50 L.Ed.2 332 (1976). A non-lawyer is not allowed to represent a criminal defendant in federal court. Tebbets v. Allenbrand, 986 F.2d 1429 (10th Cir. 1993), *citing* United States v. Grismore, 546 F.2d 844, 847 (10th Cir. 1976) (the right to "counsel" means "an individual who is authorized to the practice of law"). And

federal courts have inherent authority to prohibit frivolous and other filings by non-parties and non-lawyers. 28 U.S.C. §1651; <u>Sanz v. Fernandez</u>, 633 F.Supp.2d 1356, 1363 (S.D.Fla. 2009) (state law precludes the filing of pleadings on behalf of another as the practice of law by a nonlawyer); N.C.G.S. §84-2.1 (North Carolina defines practice of law as the performance of "any legal service for any other person ... with or without compensation" and "the preparation and filing of" documents for use in court).

For the reasons stated above, the Court finds and concludes that Document 33 is an improper, unauthorized and frivolous filing which should be stricken from the record.

**IT IS, THEREFORE, ORDERED** that Document 33 is hereby **STRICKEN** from the record.

Signed: November 3, 2010

Martin Reidinger
United States District Judge